## STANTON CLARKE & WIFE *v.* MARY ANN BURDICK, Executrix.

A bequest of money to a married woman, charged by the will upon lands of the husband mortgaged to the testator, by the terms of which bequest the interest of the sum is to go to her during her life, and the property to her children, at her decease, does not entitle her to receive the principal sum; but the same should, no trustee being named in the will, be retained by the executrix to enable her to carry out the directions of the testator.

ASSUMPSIT, by husband and wife, against an executrix, to recover a legacy of $500, claimed to be due to the wife under the will of the defendant's testator.

Clarke & Wife *v.* Burdick, Executrix.

The case was submitted to the court upon the following agreed statement of facts :

"'Daniel Burdick, by his will, made May 17, 1856, and proved February 8, 1858, provided, —

*Fifth,* I give to my niece, Mrs. Maria Antoinette Clarke, wife of Stanton Clarke, the sum of five hundred dollars ; and it is my will that this bequest shall be a permanent lien upon the real estate which was mortgaged to me by the said Stanton Clarke, and of which I have legal possession, so that the interest of said bequest shall go to my said niece, during her life, and that the property thus bequeathed shall go to her children at her decease." The plaintiffs claim the payment of the legacy to them forthwith. The defendant contends that she is only bound to pay the annual interest to said Maria, and that the principal should not be paid over unless under a decree of a court of equity securing it to the purposes of the will.

It is admitted that Daniel Burdick held mortgages on land in Westerly from said Stanton Clarke, which is the land intended in the will, but was not in possession thereof ; and that the executrix has sued those mortgages.

*N. F. Dixon,* for the plaintiffs, contended, that the plaintiffs were entitled to recover the legacy, for the purpose of enabling them to pay, *pro tanto,* the mortgages which had been sued, and upon the land mentioned in which the legacy had been charged.

*E. R. Potter,* for the defendant, insisted, that the defendant was bound, as executrix, to keep possession of the amount bequeathed, in order that she might pay over the interest to the niece for life, and the principal to the children of the niece at her death, according to the directions of the will.

Ames, C. J. The claim of the plaintiffs to recover the amount of this legacy, that thereby they might pay with it, *pro tanto,* the mortgages upon the land of the husband upon which it is a lien, would, if admitted, defeat the whole purpose of the testator. His notion evidently was, that the mortgages never would be paid ; and he therefore charges upon the land mentioned in them, and which he declares, though it seems by mistake, to be in his possession, this legacy, as " a *permanent* lien" thereon. His evident intent was, to secure upon the

husband's property this provision for the wife, his niece, and for her children ; " so," as he expresses it, " that the *interest* of said bequest shall go to my said niece during her life, and that the *property* thus bequeathed shall go to her children at her decease." Language cannot be conceived more expressive of a design that the niece should receive only the interest of the legacy whilst she lived, and that the capital should be secured and paid over to her children when she died. As no trustee is interposed by the will, this duty must be performed by the executrix ; and the possession of the fund is necessary to enable her to perform it.

Judgment must therefore be entered for the defendant for her costs.